# EXHIBIT A



IN THE STARK COUNTY COMMON PLEAS COURT
STARK COUNTY, OHIO

| | |
|---|---|
| YAK ACCESS, LLC<br>281 Old Jackson Road<br>Madison MS 39110<br><br>and<br><br>KLEIN'S RESTORATION SERVICES,<br>LLC<br>5399 Lauby RD, Suite 250,<br>North Canton, OH 44720<br><br>        Plaintiff,<br><br>vs.<br><br>CREEKSIDE LANDFILL, LLC<br>c/o Northwest Registered Agent Service,<br>Inc., Statutory Agent<br>6545 Market Ave., N<br>North Canton, OH 44720<br><br>        Defendant. | CASE NO: 2023CV00042<br><br>JUDGE: Farmer<br><br><br><br>**COMPLAINT**<br><br>**(Breach of Contract, Unjust Enrichment, Account, Declaratory Judgment)** |

NOW COME the Plaintiffs, YAK ACCESS, LLC, ("Yak") and KLEIN'S RESTORATION SERVICES, LLC ("Klein's") (hereinafter collectively "Plaintiffs"), by and through counsel, and for its Complaint against Defendant, CREEKSIDE LANDFILL, LLC, (hereinafter "Defendant"), states and alleges as follows:

### FIRST CAUSE OF ACTION
### (Breach of Contract)

1. Yak is a Mississippi limited liability company, with its principal place of business located at 281 Old Jackson Road, Madison MS 39110

2. Klein's is an Ohio limited liability company, with its principal place of business located at 2399 Lauby Road, Suite 250, North Canton, Ohio 44720.

3. Klein's is wholly owned subsidiary of Yak Access, LLC, a Mississippi limited liability company.

4. Upon information and belief, Defendant Creekside Landfill, LLC., is an Ohio limited liability company, in good standing, with its principal place of business located at 4242 Creekside Ave., Toledo Ohio 43612.

5. Klein's and Creekside are both Ohio limited liability companies, operating in Ohio, and are not diverse for purposes of federal diversity jurisdiction.

6. Venue is appropriate as pursuant to Ohio Civ.R. 3(C)(3).

7. On or about September 8. 2021, Yak and Defendant entered into an agreement for certain work to be performed on Defendant's site (the "Agreement"; attached hereto as Exhibit A and incorporated herein by reference).

8. Under the Agreement, the parties agreed that any and all controversies related to the Agreement would be venue in Stark County, Ohio.

9. Plaintiffs properly performed all work and services under the Agreement.

10. However, Defendant has refused to pay in full for the services under the Agreement.

11. Specifically, Defendant has refused to pay Invoice 321031591 dated October 7, 2021 in the amount of $26,244.00 and Invoice 321031664 dated October 21, 2021 in the amount of $20,584.50 (attached as Exhibit B and C).

12. Defendant's failure to pay constitutes a breach of the Agreement between the parties.

13. As a direct and proximate result of Defendant's breach, Plaintiffs have been damaged in the amount to be proven at trial, in excess of $25,000.00, exclusive of costs, all of which damages were reasonable and foreseeable.

## SECOND CAUSE OF ACTION
### (Unjust Enrichment)

14. Plaintiffs restate the foregoing as if fully rewritten herein.

15. Plaintiffs has provided certain work and services to Defendant.

16. Such a provision of services constitutes a benefit to Defendant, which Defendant has knowingly accepted and retained without payment to Plaintiffs.

17. It would be unjust under the circumstances to allow Defendant to retain such benefit without payment to Plaintiff.

18. As a direct result of Defendant's failure to pay, Defendant has been unjustly enriched and Plaintiff have been damaged in the amount in excess of $25,000.00, exclusive of costs, all of which damages were reasonable and foreseeable.

## THIRD CAUSE OF ACTION
### (Account)

19. Plaintiffs restate the foregoing as if fully rewritten herein.

20. Plaintiff states that the Defendant is indebted to the Plaintiff upon the account, in the in excess of $25,000.00, plus interest and costs.

21. The account is a matured debt and Plaintiff is entitled to obtain payment.

## FOURTH CAUSE OF ACTION
### (Declaratory Judgment – R.C. 2721)

22. Plaintiffs restate the foregoing as if fully rewritten herein.

23. On or October 6, 2021, a truck rented by Creekside was being operated by an employee of Plaintiffs at Creekside's site, and suffered certain damages.

24. Upon information and belief, the truck in question had previously suffered damage to the hood, which damage occurred prior to October 6, 2021 and did not involve any of Plaintiffs' employees.

25. Plaintiffs submitted the claim to Travelers, their insurance company, which evaluated the damage to the truck and issued a check dated March 9, 2022 in the amount of $85,438.67 payable to Plaintiff and Creekside, which was sent to Plaintiffs Columbia, Mississippi Office.

26. As the truck had pre-existing damage, the damage to the truck attributable to Plaintiffs' employee

27. As stated above, Defendant had previously failed and/or refused to pay Plaintiffs invoices in the amount of $46,828.50.

28. Therefore, Plaintiffs were entitled to set off between the amount of the damage to the truck (less the pre-existing damage) and the amount of the unpaid invoices.

29. As such, Plaintiffs deposited the check which was sent to Plaintiffs' offices, and offered Defendant the difference, which Defendant refused to accept.

30. A declaratory judgment is appropriate in this matter because it will eliminate uncertainty as to the disposition of the insurance proceeds, as well as the amount of the set-off that Plaintiffs are entitled to as a result of the Defendant's unpaid invoices.

31. Accordingly, Plaintiffs request a declaratory judgment from this Court finding that Plaintiffs are entitled to set off the amount of the unpaid invoices, and the amount of the preexisting damage to the hood of the truck, from the amount claimed by Defendant.

WHEREFORE, Plaintiffs demand judgment against Defendant in the amount to be proven at trial, together with prejudgment and post-judgment interest at the statutory rate, together with court costs, attorney fees, and such other and further relief as this Court deems just and proper, whether at law or equity. Plaintiff further requests a declaratory judgment, finding that Plaintiffs are entitled to set off the amount of the unpaid invoices from any amounts claimed by Defendant related to the damaged truck.

Respectfully submitted,
STARKEY & RUNKLE, LLC

*/s/ Adam M. Runkle*

RONALD K. STARKEY #0059174
rks@starkeylawfirm.com
ADAM M. RUNKLE #0087949
amr@starkeylawfirm.com
638 W. Maple Street
Hartville, OH 44632
Ph.    330.494.9077
Fax    866.247.1855
Attorneys for Plaintiff

5

DocuSign Envelope ID: 89E5E8B3-EE01-4DA4-84D5-818916630AD6

# CONSTRUCTION AGREEMENT
9/8/2021

This Construction Agreement ("Agreement") is made this ___ day of September, 2021, (the "Effective Date") between Klein's Restoration Services, LLC 1221 W. Maple Street, Suite 200, Hartville, Ohio 44632 ("Contractor") and Creekside Landfill ("Owner"), 4242 Creekside Ave., Toledo Ohio 43612.

WHERAS, Owner desires to contract for construction services for the excavation and relocation of soil on Owner's site ("Services"), and subject to the terms and conditions of this Agreement, Contractor will perform such Services for Owner.

NOW THEREFORE, in consideration of the parties' mutual obligations contained in this Agreement, the parties hereby agree as follows:

1. **Services**. Contractor will perform the excavation services for the Owner as described in the specifications and plans attached hereto as Exhibit A and other services as Owner may request from time to time.

2. **Consideration**. Owner shall pay Contractor at the rate of **$3.00 / cubic yard** of material for soil removal and relocation on Owner's site. Pricing for additional services shall be agreed upon by the parties prior to commencement. Contractor shall submit invoices to Owner on a monthly basis for all Services completed, with payment on all invoices due net 30.

3. **Execution of the Service**. Contractor shall perform all Services in a workmanlike manner and in accordance with all local, state and federal laws and regulations.

4. **Insurance**. During the term of this Agreement, Contractor shall maintain general liability insurance for all losses or claims arising out of or related to Contractor's performance of the Services under this Agreement, including but not limited to damage or injury to any person or destruction or injury to any property.

5. **Indemnification.** Owner agrees to indemnify and hold harmless Contractor and its members, officer, employees, representatives, agents, and assigns from any and all damages, liabilities, costs, losses, and expenses arising out of any claim, demand, or action by a third party arising out of Owner's breach of any of the terms and provisions contained in this Agreement.

6. **Term and Termination**. This Agreement shall commence on **September 13, 2021** and shall continue until the completion of the Services, unless terminated earlier. This Agreement may be extended by the parties' mutual written agreement. This Agreement may be terminated at any time by the mutual agreement of the parties. In the event that either party is in material breach of this Agreement and fails to cure such breach within 14 days of written notice of the same, the non-breaching party may immediately terminate this Agreement for cause.



EXHIBIT A

DocuSign Envelope ID: 89E5E8B3-EE01-4DA4-84D5-818916630AD6

7. **Miscellaneous**

a. **Headings.** Headings are used herein solely for the convenience of the parties and have no effect, whatsoever, on the rights or obligations of the parties hereto.

b. **Assignment**. This Agreement may not be assigned by either party without the express written consent of the other party.

c. **Entire Agreement**. There are no other agreements or understandings, either oral or written, between the parties affecting this Agreement, except as otherwise specifically provided for or referred to herein. This Agreement cancels and supersedes all previous agreements between the parties relating to the subject matter covered by this Agreement.

d. **Amendments.** This Agreement may not be amended except by a written amendment executed by both of the parties hereto.

e. **Severability.** Every provision of this Agreement is intended to be severable. In the event that any provision of this Agreement is rendered invalid, illegal, or unenforceable for any reason, such invalidity, illegality, or unenforceability shall not affect any other provisions hereof. If a court finds that any provision of this Agreement is invalid, illegal, or unenforceable, but by limiting such provision it would become valid and enforceable, then such provision will be deemed to be written, construed, and enforced as so limited.

f. **Waiver.** The failure of either party to enforce any provision of this Agreement shall not be construed as a waiver or limitation of that party's right to subsequently enforce and compel strict compliance with every provision of this Agreement.

g. **Force Majeure.** Neither party shall be liable or deemed to be in breach of this Agreement for any delay in performance under this Agreement deemed to result directly or indirectly from causes beyond either party's reasonable control, including, but not limited to, acts of God, fire, explosion, vandalism, storm or other similar occurrence, orders or acts of civil or military authority, national emergencies, insurrections, riots, wars, strikes, lock-outs, work stoppages, or other labor disputes. The excused party shall use reasonable efforts under the circumstances to avoid or remove such causes on non-performance and shall proceed to perform with reasonable dispatch whenever such causes are removed or ceased. An act or omission shall be deemed within the reasonable control of a party if committed, omitted, or caused by such party, or its employees, officers, agents, or affiliates.

h. **Governing Law/Venue**. This Agreement shall be governed, construed, and enforced in accordance with the laws of the State of Ohio. Any and all disputes and/or controversies arising from or in any way connected to this Agreement shall be venued in Stark County, Ohio. Both parties hereby unequivocally waive their right to a trial by jury and consent to a bench trial.

[signature page follows]

DocuSign Envelope ID: 89E5E8B3-EE01-4DA4-84D5-818916630AD6

| KLEIN'S RESTORATION SERVICES, LLC | CREEKSIDE LANDFILL |
|---|---|
| By: *Don Groubert* (DocuSigned) <br> D30CFC630050422... <br> Don Groubert, Director of Project Controls <br> Date: 9/8/2021 | By: *[signature]* (DocuSigned) <br> 041C1B7AFA7F488... <br> _____ (print) <br> Date: 9/7/2021 |

DocuSign Envelope ID: 89E5E8B3-EE01-4DA4-84D5-818916630AD6

# EXHIBIT A



**8045 Dawnwood Ave.**
**Canton, OH 44721**
**330-877-0458**
**TAX ID: 46-2693772**

# INVOICE

| Date | Invoice # |
|---|---|
| 10/07/21 | 321031591 |

**Bill To:**

Creekside Landfill LLC
5900 Sylon Blvd
Hainesport, NJ 08036
US

**Ship To:**

Creekside Landfill LLC
Toledo, OH 43537
Toledo, OH 43537
US

| Due Date | PO # / Job Name | Project # | Cust Order # | Discount / Payment Terms |
|---|---|---|---|---|
| 11/05/21 | CREEKSIDE LANDFILL | KR00074 | 0010011013 | 30 days net |

| Qty | Item Description | | | U/M | Sales Price | Amount (USD) |
|---|---|---|---|---|---|---|
| | *Creekside Landfill*<br>*Work performed through September 30, 2021*<br>*Attn: John Thomas* | | | | | |
| 8748 | 8748 Cubic Yards | | | EA | 3.00 | 26,244.00 |

| | | |
|---|---|---|
| **Subtotal** | | 26,244.00 |
| **Sales Tax** | | |
| **Balance Due** | | 26,244.00 |

**Please REMIT TO:**
**Dept # 5986**
**Klein's Restoration Services LLC**
**PO Box 11407**
**Birmingham, AL 35246-5986**

PAGE 1(1)

EXHIBIT
B



**8045 Dawnwood Ave.**
**Canton, OH 44721**
**330-877-0458**
**TAX ID: 46-2693772**

# INVOICE

| Date | Invoice # |
|---|---|
| 10/21/21 | 321031664 |

**Bill To:**

Creekside Landfill LLC
5900 Sylon Blvd
Hainesport, NJ 08036
US

**Ship To:**

Creekside Landfill LLC
Toledo, OH 43537
Toledo, OH 43537
US

| Due Date | PO # / Job Name | Project # | Cust Order # | Discount / Payment Terms |
|---|---|---|---|---|
| 11/19/21 | CREEKSIDE LANDFILL | KR00074 | 0010011185 | 30 days net |

| Qty | Item Description | | | U/M | Sales Price | Amount (USD) |
|---|---|---|---|---|---|---|
| | *Creekside Landfill* | | | | | |
| | *Work performed through October 15, 2021* | | | | | |
| | *Attn: John Thomas* | | | | | |
| | - | | | | | |
| 6861.5 | 6861.5 Cubic Yards | | | EA | 3.00 | 20,584.50 |

**Please REMIT TO:**
Dept # 5986
Klein's Restoration Services LLC
PO Box 11407
Birmingham, AL 35246-5986

EXHIBIT
C

| | |
|---|---|
| Subtotal | 20,584.50 |
| Sales Tax | |
| Balance Due | 20,584.50 |